UNITED STATES of America ex rel. Janet CHANDLER, Ph.D., Plaintiff,

v.

The HEKTOEN INSTITUTE FOR MEDICAL RESEARCH and Cook County, Illinois, Defendants.

No. 97 C 514.

United States District Court, N.D. Illinois, Eastern Division.

Nov. 1, 2000.

Judson H. Miner, John F. Belcaster, Miner Barnhill & Galland, Chicago, IL, Ronald L. Futterman, Michael I Behn, Futterman & Howard, Chtd., Chicago, IL, Bradley Scott Weiss, Law Office of Bradley Scott Weiss, Washington, DC, for Janet Chandler, PH.D.

Michele Marion Fox United States Attorney's Office Chicago, IL, for United States of America.

Timothy F. Haley, Noah A Finkel, Seyfarth Shaw, Chicago, IL, Steve A. Miller, Baker & McKenzie, Chicago, IL, for IL Hektoen Institute for Medical Research.

Thomas M. Burnham, Donna M. Lach, Sanjay Thakor Tailor, Cook County State's Attorney, Chicago, IL, Patricia M. Moser, City of Chicago, Department of Law, Chicago, IL, for Cook County Hospital, Cook County.

## OPINION AND ORDER

GETTLEMAN, District Judge.

Plaintiff/relator, Janet Chandler, has brought this qui tam action on behalf of the United States under the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.* The claims and the facts of the case are described in the court's previous opinion, *U.S. ex rel. Chandler v. Hektoen Institute,* 35 F.Supp.2d 1078 ("*Chandler I* "), and will not be repeated here.

In *Chandler I,* the court dismissed defendant Cook County Hospital, and denied the remaining defendants' motions to dismiss, finding that, (1) Cook County was a "person" for purposes of the FCA, and that the FCA's treble damages provision is compensatory rather than punitive. *Id.,* at 1086. Cook County has filed a motion to reconsider those conclusions in light of the recent decision in *Vermont Agency of Nat. Resources v. United States ex rel. Stevens,* 529 U.S. 1858, 120 S.Ct. 1858, 146 L.Ed.2d 836 (2000), issued after this court's ruling *Chandler I,* in which the Supreme Court held that a state is not a "person" subject to qui tam liability under the FCA, and that the treble damages provisions of the

 

FCA are (contrary to this court's holding in *Chandler I*) punitive rather than compensatory. *Id.*, 120 S.Ct. at 1869; *see also Perez v. Z Frank Oldsmobile, Inc.*, 223 F.3d 617 (7th Cir.2000). The court ordered briefing by the parties, and allowed the United States to file an amicus curiae brief in support of plaintiff's position.

Although this court finds no reason to alter its conclusion that the County is a "person" for purposes of the FCA, it is quite clear that under *Stevens* the County is immune from the imposition of punitive damages, which are mandatory if liability is found under the FCA. Plaintiff and the United States argue that, assuming the court reaches this conclusion, the court would be authorized to award lesser damages in order to allow this case to be continued against the County, suggesting that the court could award double damages (which have been held to be remedial rather than punitive; *see United States v. Bornstein*, 423 U.S. 303, 315, 96 S.Ct. 523, 46 L.Ed.2d 514 (1976)). The court agrees with the County, however, that the court has no authority to rewrite the FCA in such a manner. As noted by the *Stevens* Court, the FCA allows a reduction in the mandatory treble damages only in certain instances, none of which are present in the instant case. *See Stevens*, 120 S.Ct. at 1869, n. 16.

The arguments advanced by plaintiff and the United States in the instant case were recently presented to and rejected by the United States District Court for the Eastern District of Pennsylvania. In a well-reasoned decision, which this court adopts, Judge O'Neill, relying on *Stevens* and noting this court's earlier decision in *Chandler I*, held that the treble damages mandated by the FCA are punitive and may not be imposed on a county. *United States ex. rel. Dunleavy v. County of Delaware*, 2000 WL 1522854, 2000 U.S. Dist. LEXIS 14980 (E.D.Pa., Oct. 12, 2000). This court cannot improve on Judge O'Neill's reasoning, and therefore concludes that the County is immune from prosecution under the FCA because it is immune from any award or claim for punitive damages.

Accordingly, Cook County's motion to reconsider the ruling of February 8, 1999, is granted, and this action is dismissed with prejudice against the County. This matter is set for a report on status regarding the remaining defendant on November 2, 2000, at 9:00 a.m.